IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| STATE AUTO MUTUAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>DOVER CONSTRUCTION, INC.,<br>an Illinois Corporation,<br><br>Defendant. | CASE NO. C03-4009MWB |

**BRIEF IN RESISTANCE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN SUPPORT OF REQUEST FOR DECLARATORY RELIEF**

COMES NOW the Defendant, Dover Construction, Inc., and pursuant to Rules 56 and 57 of the Federal Rules of Civil Procedure and Rule 7.1 and 56.1 of the Local Rules of the United States District Court for the Northern District of Iowa and in support of the resistance being filed contemporaneously states as follows:

TABLE OF CONTENTS

I.   FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p. 2

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p. 3

   1.   THE SUBCONTRACT AGREEMENT CLEARLY PROVIDES
        THAT WOODS MASONRY MUST INDEMNIFY DOVER FOR
        INJURIES TO EISCHEID THAT WERE CAUSED BY WOODS
        MASONRY. PLAINTIFF'S DEMAND TO DOVER AND WOODS
        EXCEEDS THE PER-OCCURRENCE GENERAL LIABILITY
        COVERAGE LIMIT FOR WOODS MASONRY AND EXPOSES
        TO DOVER TO LIABILITY FOR NEGLIGENCE OF WOODS.
        THEREFORE, PLAINTIFF MUST CONTINUE TO PROVIDE
        A DEFENSE TO DOVER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p. 3

III. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . p. 5

I.   FACTUAL BACKGROUND

On March 17, 1999, Plaintiff, James Eischeid, was working at a construction site as an employee of Woods Masonry, Inc. ("Woods"), which was a subcontractor for masonry work on the construction project for the general contractor, Dover Construction, Inc. ("Dover"). Eischeid was seriously injured when an unbraced, ungrouted wall under construction on the project collapsed.

Eischeid filed on September 15, 2000 a Complaint asserting claims of negligence and failure to maintain a safe work place against Dover. Dover filed an Amended Third-Party Complaint on December 20, 2000 asserting that Woods' negligence caused Eischeid's injuries and that Woods was required by the subcontract to indemnify Dover for any recovery Eischeid might receive against Dover.

Woods subsequently moved for summary judgment on Dover's third-party claims of negligence, breach of contract, and indemnity against Woods. On June 2, 2003, this Court held, inter alia, in the Memorandum Opinion and Order regarding summary judgment motions involving claims by and against Woods Masonry that Woods had no obligation to indemnify Dover for Dover's negligence, but Woods does have an obligation to indemnify Dover for Woods' negligence.

The general liability insurance for Woods Masonry has been provided by State Auto Mutual Insurance Company ("State Auto"). Dover Construction tendered the defense of Dover to State Auto. State Auto agreed to provide a defense to Dover Construction subject to a reservation of rights letter.

State Auto subsequently filed a declaratory judgment action asserting that State Auto did not need to provide a defense to Dover Construction for claims founded on

Dover Construction's own negligence nor does it owe any duty to provide coverage for any judgment entered against Dover Construction that are founded on its own negligence.

II. ARGUMENT

    1. THE SUBCONTRACT AGREEMENT CLEARLY PROVIDES THAT WOODS MASONRY MUST INDEMNIFY DOVER FOR INJURIES TO EISCHEID THAT WERE CAUSED BY WOODSMASONRY. PLAINTIFF'S DEMAND TO DOVER AND WOODS EXCEEDS THE PER-OCCURRENCE GENERAL LIABILITY COVERAGE LIMIT FOR WOODS MASONRY AND EXPOSES TO DOVER TO LIABILITY FOR NEGLIGENCE OF WOODS. THEREFORE, PLAINTIFF MUST CONTINUE TO PROVIDE A DEFENSE TO DOVER.

This Court has already determined that Woods has an obligation pursuant to the subcontract to indemnify Dover for Woods' own negligence.

Plaintiff alleges that Dover is responsible to Plaintiff for all damages caused by the negligence of Dover's subcontractors. Eischeid decided to sue only Dover and force Dover to seek indemnity from the negligent subcontractors.

On June 11, 2003, Plaintiff made an initial demand directed to Dover in the amount of $1,525,000. On June 13, 2003, State Auto, the provider of general liability insurance coverage to Woods and Dover, informed Dover that the liability coverage available to Woods for damages to Plaintiff from Woods' negligence is $500,000.

Dover is exposed beyond the policy limits of Woods through making payments to Plaintiff because of Woods' negligence. For example, if Plaintiff were ultimately to recover $1,000,000 upon a jury verdict, and Woods was found to be 80 percent at fault, Dover may be responsible for making payment of $1,000,000 and being able to recover from Woods in indemnification in the amount of $500,000. In such an example, Dover

is not fully indemnified by $300,000. Thus, State Auto should continue to provide a defense to Dover because, at this point in the litigation, Dover continues to be exposed because of Woods' probable negligence.

It is certainly true that, to date, counsel provided by Dover has been defending Dover on claims of its own active negligence as well as the claims against Woods for which Dover might be partially exposed. Employers Mutual Casualty Co. v. Cedar Rapids Television Co., 552 N.W.2d 639 (Iowa 1996) sets forth the carrier's duty to continue to pay defense costs even after dismissal of the one count which was squarely within the policy's personal injury coverage. Here, as in Cedar Rapids Television Co., the facts alleged in the Petition have not changed. Even though the duty of State Auto to indemnify may arguably stop when Woods has paid $500,000 of coverage, the duty to defend is separate from its duty to indemnify. If any claim alleged against Woods can rationally be said to fall within the coverage, the insurer must defend the entire action. In case of doubt as to whether the Petition alleges a claim that is covered by the policy, the doubt is resolved in favor of the insured. Employers Mutual Casualty Co., 522 N.W.2d at 641.

In most jurisdictions, the rule is that when the duty to defend has been established, it continues until the insurer can prove that potential for coverage exists or until he policy limits have been exhausted by judgment or settlement. See, e.g., Meadowbrook, Inc. v. Tower Insurance Co., 559 N.W.2d 411 (Minn. 1997).

Although it is probable that Empire's own carrier will provide counsel to defend Dover for Dover's own negligence, State Auto is still required under the subcontract and pertinent Iowa law to provide a defense to Dover for Woods' own negligence.

4

III. CONCLUSION

It is well established that State Auto must provide a defense to Dover for its exposure for damages to Plaintiff because of Woods' negligence. It is also without dispute that Plaintiff's demand far exceeds the amount of coverage provided by State Auto. To the extent that the damages to be assessed to Dover because of the negligence of Woods exceeds the policy limits of the State Auto policy, Dover is exposed for acts which are not its own negligence. Consequently, Woods must continue, through its care, to provide a defense to Dover even if Dover's own care has a duty to supply a defense to Dover for Dover's own negligence.

DATED this 23rd day of June 2003.

HEIDMAN, REDMOND, FREDREGILL,
PATTERSON, PLAZA, DYKSTRA & PRAHL, L.L.P.

BY: _____
JOHN C. GRAY, W00001915
701 Pierce Street, Suite 200
Post Office Box 3086
Sioux City, Iowa 51102
Telephone: (712) 255-8838
Facsimile: (712) 258-6714

ATTORNEYS FOR DEFENDANT
DOVER CONSTRUCTION, INC.

COPY TO:

Jason D. Walke
317 Sixth Ave, 6th Floor
Des Moines, IA 50309

**CERTIFICATE OF SERVICE**
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon each of the attorneys of record of all parties to the above-entitled cause by enclosing the same in an envelope addressed to each such attorney at his respective address as disclosed by the pleadings of record herein, with postage fully paid, and by depositing said envelope in a United States Post Office depository in Sioux City, Iowa on the 23 day of June, 2003. _____

80-1

5