| | |
|---|---|
| STATE AUTO MUTUAL INSURANCE COMPANY, | CASE NO. C03-4009MWB |
| PLAINTIFF, | |
| vs. | REPLY BRIEF IN SUPPORT OF REQUEST FOR DECLARATORY RELIEF AND MOTION FOR SUMMARY JUDGMENT |
| DOVER CONSTRUCTION, INC. | |
| DEFENDANT. | |

COMES NOW the Plaintiff, and by way of reply to the matters asserted by the Defendant in its resistance to the now pending Complaint For Declaratory Judgment and Motion For Summary Judgment hereby states and moves as follows.

I. INTRODUCTION.

The Complaint in this matter contains two (2) requests for relief. First, State Auto seeks a declaration that it has *no duty to provide a defense* for Dover in Case No. C00-4100-MWB ("the personal injury case") on claims arising out of Dover's negligence. Second, State Auto also seeks a declaration that it has no has *no duty to provide coverage* for any judgment against Dover in the personal injury case arising out of Dover's negligence. In its recent filing with this Court, Dover conceded defeat on the second issue. That is, Dover admits that State Auto "need not provide insurance coverage to [it] for any judgment against [it in the personal injury case] arising out of [its] own negligence." See Dover's Resistance and Response To Motion For Summary Judgment, argument heading 1. However, on the issue of State Auto's responsibility to continue providing a defense to Dover in the personal injury case, opposing counsel argues that that duty continues *even though* Dover has now conceded that there will be no duty for State

1

Auto to provide coverage for any judgment rendered in that matter against Dover as a result of its own negligence. For the reasons stated below, that argument is clearly incorrect.

II. ARGUMENT

The only remaining question in this matter is whether or not State Auto must continue providing a defense to Dover in the personal injury case. On this issue, the general rule is that the duty of an insurance company to provide a defense is broader than the duty to provide coverage. A.Y. McDonald Indus. v. INA, 475 N.W.2d 607, 627 (Iowa 1991). However, it is equally well established that where there is no insurance coverage, there is no duty to provide a defense. Pursell Construction, Inc. v. Hawkeye Security Insurance Company, 596 N.W.2d 67, 72 (Iowa 1999) and West Bend Mutual Insurance Company v. Iowa Iron Works, Inc., 503 N.W.2d 596, 601 (Iowa 1993). In other words, "Iowa law is well settled that there is no duty to defend unless there is a legal duty to indemnify." Yegge v. Integrity Mutual Insurance Company, 534 N.W.2d 100, 102 (Iowa 1995). In addition, it is clear that a determination as to whether or not a duty to defend exists depends on the facts asserted in "the plaintiff's pleadings." Employers Mutual Casualty Company v. Cedar Rapids Television Company, 552 N.W.2d 639, 642-643; see also A.Y. McDonald Indus., 475 N.W.2d at p. 627 ("The duty to defend arises whenever there is potential or possible liability to indemnify the insured based on the facts appearing *at the outset of the case*") (emphasis added).

1. DOVER INCORRECTLY ASSERTS THAT JAMES EISCHEID IS TRYING TO RECOVER AGAINST DOVER FOR THE NEGLIGENT ACTIONS OF WOODS MASONRY.

A central component of Dover's argument is that the Plaintiff in the personal injury action intends to seek recovery for damages caused by the negligence of Woods Masonry from Dover. See Dover's Statement of Additional and Undisputed Material Facts, paragraph 26 and

Dover's Brief, page 3.[1] However, a review of the Complaint and the Amended Complaint in the personal injury case reveals that no such claim has been asserted by the Plaintiff. See Appendix, pages 3 to 5 and 22 to 26. The pleadings in the personal injury action show that Mr. Eischeid is seeking recovery for his alleged damages *from* Dover *because of* Dover's alleged negligence. At no point do the pleadings in the personal injury case state directly, nor do they even suggest indirectly, that the Plaintiff is trying to recover damages from Dover arising out of Woods Masonry's negligence. Dover's suggestion to the contrary is wrong.

    2.     BECAUSE DOVER HAS CONCEDED THAT STATE AUTO OWES NO DUTY TO PROVIDE COVERAGE FOR DOVER'S OWN NEGLIGENCE, IT FOLLOWS THAT STATE AUTO OWES NO DUTY TO PROVIDE DOVER WITH A DEFENSE FOR CLAIMS FOUNDED ON ITS OWN NEGLIGENCE.

Generally speaking, the duty to defend is broader than the duty to indemnify *because* "an insurer's duty to defend arises whenever there is *a potential or possible liability to pay* based on the facts at the outset of the case." Essex Insurance Company v. The Fieldhouse, Inc., 506 N.W.2d 772, 775 (Iowa 1993) (emphasis added). However, and as noted above, where it has been established that there is no coverage, it automatically follows that there is no duty to defend. Pursell Construction, Inc., 596 N.W.2d at p. 72; Yegge, 534 N.W.2d at p. 102 and West Bend Mutual Insurance Company, 503 N.W.2d at p. 601. In this case, Dover has admitted that State Auto does not owe a duty to provide coverage for liability arising out of Dover's negligence. See Dover's Resistance and Response To Motion For Summary Judgment, argument heading I. As such, it is clear that State Auto does not owe a continuing duty to defend Dover in the personal injury case for claims founded on its own negligence. To hold otherwise

---

[1] On page 3 of its Brief, Dover goes so far as to state that "Eischeid decided to sue only Dover and force Dover to seek indemnity from the negligent subcontractor." That statement is, however, inaccurate. In fact, Mr. Eischeid sued Woods Masonry directly. However, this Court recently granted Woods Masonry's request for summary judgment on the direct claims by Mr. Eischeid against Woods Masonry leaving the Plaintiff with only his claims against Dover for its alleged negligence on the job cite in question. That scenario hardly amounts to a decision by the Plaintiff in the personal injury action "to sue only Dover".

3

would require the Court to ignore the clearly established and controlling case law of the State of Iowa.[2]

3. **DOVER HAS ADMITTED THAT IT ACCEPTED AS SUFFICIENT THE TYPE AND AMOUNT OF INSURANCE OBTAINED BY WOODS MASONRY ON THE JOB IN QUESTION.**

Although not stated directly, part of Dover's argument revolves around an assertion that the limits of the insurance that Woods Masonry obtained on this job were arguably not high enough so, therefore, State Auto ought to continue providing a defense to Dover. However, it is clear that Dover knew the type and amount of insurance that Woods Masonry had obtained for this job and it approved of the same. Specifically, Dover, in its recent filing with this Court, admitted as true paragraphs 12 and 13 of the Statement of Undisputed Material Facts In Support of Request For Declaratory Relief. According to those paragraphs, the type and the amount of the insurance obtained by Woods Masonry prior to starting work on the job in question was satisfactory to Dover. As such, Dover should not now be allowed to argue that the limits of that insurance were not high enough thereby requiring State Auto to continue in its defense of Dover in the personal injury case.

4. **DOVER HAS ITS OWN LIABILITY INSURANCE COVERAGE THAT IS MORE THAN ADEQUATE TO PROTECT IT FROM ANY POTENTIAL JUDGMENT IN THE PERSONAL INJURY CASE.**

---

[2] Iowa law provides that when an insurance company is faced with a situation such as the one here (i.e. one involving "a potential or possible liability to pay"), it can proceed in one of two ways. First, it can initiate a declaratory judgment action to determine if there is an actual liability to pay. Second, it can do nothing and run the risk that the insured will seek indemnity if coverage is established at a trial. McAndrews v. Farm Bureau Mutual Insurance Company, 349 N.W.2d 117, 119 (Iowa 1984). Given that clear precedent, it is again apparent that once it has been established that there is no duty to indemnify, there can be no duty to provide coverage. To hold otherwise would render the declaratory judgment action meaningless because it would allow the duty to provide a defense to continue even after it had been established that there was no duty to provide coverage. Clearly that would be an absurd result and the well settled case law of Iowa prevents such a result. See Pursell Construction, Inc., 596 N.W.2d at p. 72; Yegge, 534 N.W.2d at p. 102 and West Bend Mutual Insurance Company, 503 N.W.2d at p. 601 (all holding that there can be no duty to provide a defense when there is no duty to provide coverage).

4

A fact that bears mentioning in response to opposing counsel's concern about a judgment against Dover in excess of $500,000.00 is that Dover has its own liability coverage and an umbrella policy the combined limits of which appear to be well in excess of the total settlement demand of the Plaintiff in the personal injury case. See Appendix, page 17. As such, Dover is not exposed at all to a possible excess judgment but, in fact, has more than adequate insurance to cover the entire demand submitted by the Plaintiff in the personal injury case. That fact, when combined with the reality that Dover approved of the type and amount of insurance obtained by Woods Masonry on this job, make it clear that there is no reason to force State Auto to continue in a defense of Dover in the personal injury action.[3]

5. STATE AUTO INTENDS TO CONTINUE IN ITS DEFENSE OF WOODS MASONRY FOR CLAIMS FOUNDED ON THE ALLEGED NEGLIGENCE OF WOODS MASONRY THEREBY SATISFYING ANY RESPONSIBILITY OF WOODS MASONRY TO PROVIDE INSURANCE PROTECTION FOR CLAIMS ARISING OUT OF ITS OWN NEGLIGENCE.

Dover points out several times in its recent filing that this Court has already determined "that Woods has an obligation pursuant to the subcontract to indemnify Dover for Woods' own negligence." See Dover's Brief, page 3. In response to that observation, it certainly bears mentioning that State Auto has not filed any motion with this Court seeking to withdraw its defense of Woods Masonry in the personal injury action. That reality, when combined with the fact that Woods Masonry did obtain insurance for the job in question that was satisfactory to Dover, makes it clear that Woods Masonry has complied with its responsibilities under the Sub-Contract Agreement to provide protection for its own negligence. Dover has not provided any evidence to the contrary.

---

[3] It also bears mentioning that, even if this Court correctly rules that State Auto need not continue in its defense of Dover in the personal injury action, Dover will continue to have the benefits and protection of an insurance funded attorney through its own liability insurance carrier.

5

III. CONCLUSION

Based on all of the foregoing, as well as the arguments and authorities set forth by the Plaintiff in its earlier filings herein, the undersigned respectfully requests that this Court enter an Order: (1) directing that State Auto has no duty to continue providing a defense to Dover Construction in Case COO-4100MWB; (2) directing that State Auto has no duty to provide coverage for Dover Construction for any judgment rendered against Dover Construction in Case COO-4100MWB arising out of Dover Construction's own negligence; (3) assessing the costs of this action to Dover Construction and (4) granting such additional relief as the Court deems appropriate in the premises.

Respectfully submitted,

GUNDERSON, SHARP & WALKE, P.C.

Jason D. Walke, RK#0015285
317 Sixth Avenue, 6th Floor
Des Moines, Iowa 50309
Telephone: (515) 288-0219
Facsimile: (515) 288-0328

ATTORNEY FOR PLAINTIFF

Original filed.

Copy to:

John C. Gray
701 Pierce Street, Suite 200
P.O. Box 3086
Sioux City, Iowa 51102
Telephone: (712) 255-8838
Facsimile: (712) 258-6714

ATTORNEY FOR DOVER CONSTRUCTION

**CERTIFICATE OF SERVICE**
The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on 6-27- 2003.

By: ☒ U.S. Mail ☐ FAX
☐ Hand Delivered ☐ Overnight Courier
☐ Certified Mail ☐ Other:
Signature _____